## Appeal of **MORRISON FOUNDRY CO.**     Docket No. 348.

The failure of the Commissioner to follow a ruling published by the Internal Revenue Bureau does not constitute a ground for appeal to this Board where there has been no violation of statutes or regulations.

Submitted January 2, 1925; decided January 28, 1925.

*Samuel Klein, Esq.*, for the taxpayer.

*J. A. Adams, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before Ivins, Korner, and Marquette.

### FINDINGS OF FACT.

The Commissioner having found additional taxes against the taxpayer in 1916 in the sum of $6.59, and for 1917 in the sum of $3,859.64, reduced the invested capital of the taxpayer reported for the year 1920 by the sum of these items, and determined a deficiency accordingly. From this deficiency the taxpayer appealed.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

Ivins: Article 845 of Regulations 45 (1920 edition) provides:

For the purpose of computing invested capital Federal income and war profits and excess profits taxes are deemed to have been paid out of the net income of the taxable year for which they are levied. It is immaterial, therefore, whether reserves for the payment of such taxes for the preceding year have been set up or not, or, if set up, whether such taxes when paid have actually been charged against such reserves. Amounts payable on account of such taxes for the preceding year may be included in the computation of invested capital only until such taxes become due and payable. A deduction from the invested capital as of the beginning of the taxable year must therefore be made for such taxes or any installment thereof, averaged for the proportionate part of the taxable year after the date when the tax or the installment is due and payable. Where as a result of an audit by the Commissioner, or the acceptance of an amended return, or for any other reason, the amount of any such tax for the preceding year is subsequently changed, a corresponding adjustment will be made in the invested capital for the taxable year upon the same basis as if the corrected amount of the tax for the preceding year had been used in the original computation of the invested capital for the taxable year.

The taxpayer makes no contention that this regulation is an improper construction of the law, but he refers to a ruling published by one of the Commissioner's predecessors in office (T. B. M. 51, 1 C. B. 296), wherein it is said:

Additional assessments of income and excess profits taxes for prior years which are less than 5 per cent of the original assessments, or less than $5,000, are to be considered as paid from current earnings, but if large and important, they are to be considered a liability of the taxable year in question and necessary adjustments to the surplus account must be made.

This ruling, apparently made in order to simplify internal administration, is merely a departmental interpretation and is subject to modification or abrogation by the authority which made it. If the Commissioner has chosen not to apply it in the case of the taxpayer, that does not of itself render the proposed assessment against the taxpayer improper. In order to determine whether the Commissioner's determination is proper or not, we should look not to the rulings of his predecessors in office but to the statute and regulations. His determination in the instant appeal does not seem to us to violate either the Revenue Act of 1918 or the provisions of Regulations 45.